THORNTON (BEEDING v.). See Case No. 1,228.

THORNTON (BLODGET v.). See Case No. 1,554.

---

## Case No. 13,996.

### THORNTON et al. v. CALDWELL.

[1 Cranch, C. C. 524.] [1]

Circuit Court, District of Columbia. Dec. Term, 1808.

EVIDENCE — MEMORANDA — DEMAND BY NOTARY—NOTARIAL BOOK.

If the notary does not recollect the fact of making a demand, &c., but produces his notarial book in which the fact is stated, and testifies that he made the entry in his book at the time, and is certain, from those memoranda that he did make the demand as there stated—such evidence is admissible to the jury.

Assumpsit [by Thornton and White, commissioners of the city of Washington] against

[1] [Reported by Hon. William Cranch, Chief Judge.]

[Caldwell, administrator of Scott] the indorser of a promissory note payable 4th February, 1801, drawn by U. Forrest for six thousand two hundred and sixty-nine dollars and ninety-two cents.

Samuel Hanson, a notary-public, was sworn for the plaintiffs.

Mr. Jones, for the plaintiff, asked the witness whether he had the note and called on General F. for payment on the 9th of February, 1801. The witness said he had no recollection of it, but he made a note of it in his register of protests, and indorsed on the note the words, "Protest, 1.70," which he produced, and said he had no doubt of it, but he could not speak from his memory; that his memory was not refreshed by the book, for he had no recollection of the fact, but he had no doubt of it. He was certain, from those memorandums, that he did demand the payment as there stated. The note was only noted for non-payment—never actually protested—that is, the protest was never drawn out in form.

Mr. Jones contended that the noting in the book is as much an official act of the notary as the protest would have been, and is as much evidence of the fact of the demand: it is the best evidence. The witness means that he was in the habit of entering there all notes by him protested, the time of demand and the answer given to the demand. That he never made an entry in the book which was not true.

P. B. Key and Mr. Caldwell, contra, cited Chit. 91. Noting is not sufficient; there must be a protest, if protesting be necessary. The notary is a mere agent of the plaintiff as to giving of notice to the defendant. His official duty only extends to protesting according to the law merchant. His duty at all events did not extend beyond demanding payment from Forrest the maker, and protesting it for non-payment.

THE COURT (having some doubts) admitted the testimony as competent evidence to the jury, not because the notary's book had any peculiar authority or validity; but because it appeared to be the best evidence which under such circumstances could be expected.